```
              DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
```

EBONI S. DURANT in representation of  )
the interests of minor ELTON P.       )
DONASTORG PIERRE, JR.,                )
                                      )
           Plaintiff,                 )   Civil No. 2012–58
                                      )
      v.                              )
                                      )
DR. LAVERNE TERRY, Commissioner of the )
Department of Education; JILL SINGER,  )
Acting State Director of Office of    )
Special Education; and VIRGIN ISLANDS )
DEPARTMENT OF EDUCATION,              )
                                      )
           Defendants.                )

ATTORNEYS:

**Andrew L. Capdeville, Esq.**
Law Offices of Andrew L. Capdeville, P.C.
St. Thomas, VI
     *For the plaintiff,*

**Claude Walker, Attorney General**
**Carol Thomas-Jacobs, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
     *For the defendants.*

                              ORDER

**GÓMEZ, J.**

    Before the Court is the motion of Eboni Durant for an award of costs and attorney's fees.

    At all times relevant to this case, Elton P. Donastorg Pierre, Jr. ("Pierre") was a minor domiciled in St. Thomas,

Case: 3:12-cv-00058-CVG-RM Document #: 81 Filed: 09/28/16 Page 2 of 4

Durant v. Terry et al.
Civil No. 2012-58
Order
Page 2

United States Virgin Islands. Pierre was diagnosed with autism when he was two and a half years old. Thereafter, largely through the efforts of his mother, Eboni Durant ("Durant"), Pierre sought educational programs that addressed his autism.

Durant was dissatisfied with the services offered by the Virgin Islands Department of Education ("VIDOE") for Pierre. As a result, Durant filed suit in this Court on behalf of Pierre under the Individuals with Disabilities Education Act 20 U.S.C. § 1400 et seq. ("IDEA").

The matter was tried on a record stipulated to by the parties. After considering the evidence, the Court entered judgment in favor of Durant. Durant was awarded $53,920. Durant now moves for attorney's fees and costs under 20 U.S.C. § 1415(i)(3)(B).

20 U.S.C. § 1415(i)(3)(B) provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs-- (I) to a prevailing party who is the parent of a child with a disability . . ." 20 U.S.C. § 1415(i)(3)(C) provides that the fees awarded shall be based on the rates prevailing in the community where the action arose.

The time within which a motion for fees must be filed is addressed in Federal Rule of Civil Procedure 54 ("Rule 54"). Indeed, Rule 54(d)(2)(A) states that "[a] claim for attorney's

fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Rule 54(d)(2)(B) further states that a claim for attorney's fees must "be filed no later than 14 days after the entry of judgment."

With respect to costs, Rule 54 states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . The clerk may tax costs on 14 days' notice. . . ." Fed. R. Civ. P. 54(d)(1). Local Rule 54.1(a) states that "[w]ithin thirty days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs, together with a notice of motion when application will be made to the Clerk to tax the same."

The Court entered judgment in favor of Durant on September 30, 2015. Durant's motion for attorney's fees and costs was filed on October 23, 2015. Durant's motion, insofar as it is an application for attorney's fees, is untimely. *See* Federal Rule of Civil Procedure 54(d)(2)(B). Therefore, the petition for attorney's fees shall be denied.

Insofar as Durant's motion is an application for costs, it seeks a total of $985. In her list of costs, Durant includes $350 for filing fees, $325 for expedited service of 5 entities,

and $60 for a process server to serve the Governor. *Motion for Attorney Fees*, ECF No. 75 at 8. Durant also seeks $50 for serving each of the following five individuals: Dr. Terry, Legal Counsel, Jill Singer, Attorney General, and The Department of Education. The Court is unclear as to whom "Legal Counsel" refers. As such, the Court will deny the motion for costs insofar as it seeks $50 for serving the individual referred to as "Legal Counsel." *See* LCRI 54.1(b)("Such Bill of Costs shall precisely set forth each item thereof, so that the nature of the charge can be readily understood. . . ."); *Segovia v. Montgomery Cnty. Tenn.*, 593 F. App'x 488, 493-94 (6th Cir. 2014)(affirming a denial of costs insofar as a party did not comply with a court's local rules). The remaining $935 is reasonable and shall be awarded. *See* Fed. R. Civ. P. 54(d).

 The premises considered, it is hereby

 **ORDERED** that, insofar as Durant seeks attorney's fees, the petition is hereby **DENIED**; it is further

 **ORDERED** that, insofar as Durant seeks costs, the petition is hereby **GRANTED**; and it is further

 **ORDERED** that Eboni Durant is hereby **AWARDED** $935 in costs to be paid by the Virgin Islands Department of Education.

S\_____
  **CURTIS V. GÓMEZ**
  **District Judge**